**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Carlton Banks, Jr.,** | : | Case No. 1:11 CV 1089 |
| Petitioner, | : | |
| vs. | : | |
| **Frank Shewalter, Warden,** | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

## I. INTRODUCTION.

This case, filed pursuant to 28 U. S. C. § 2254, was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES. Pending is Petitioner's Petition for Writ of Habeas Corpus, Respondent's Return and Petitioner's Traverse (Docket Nos. 1, 6 & 7). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

## II. PROCEDURAL BACKGROUND

### A. CASE NO. CR 420197

On February 26, 2002, the Cuyahoga County Grand Jury indicted Petition on five counts:

| Counts | Charges | Statutory Authority |
|--------|---------|---------------------|
| One | Possession of Drugs | OHIO REV. CODE § 2925.11 |
| Two | Possession of Drugs | OHIO REV. CODE § 2925.11 |
| Three | Drug Trafficking | OHIO REV. CODE § 2925.03 |
| Four | Drug Trafficking | OHIO REV. CODE § 2925.03 |
| Five | Possessing criminal tools | OHIO REV. CODE § 2923.24 |

(Docket No. 6-1, p. 1 of 283).

On June 14, 2002, Petitioner withdrew his plea of not guilty to possession of drugs and trafficking in drugs as alleged in counts one and three of the indictment.  The trial court complied with OHIO CRIM. R. 11 (C) and explained Petitioner's constitutional rights.  Satisfied that Petitioner was competent to plead and that he understood his rights, the court accepted Petitioner's plea and found Petitioner guilty of counts one and three.  Counts two, four and five were *nolle prosequi.*  The court ordered the forfeiture of $420 in United States currency (Docket No. 6-1, pp. 4; 12-33 of 283).

On July 15, 2002, the court imposed a prison term of one year on count one and one year on count three, such counts to run consecutive to each other and consecutive to the sentences in CR 421541.  Post control release was part of the sentence for the maximum period allowed under OHIO REV. CODE § 2967.28 (Docket No. 6-1, pp. 6 of 283).

**B.    CASE NO. CR 421541.**

On April 2, 2002, the Cuyahoga County Grand Jury indicted Petitioner on seven counts:

| One | Involuntary manslaughter | OHIO REV. CODE § 2903.04 |
|-----|--------------------------|---------------------------|
| Two | Failure to Comply with Order or Signal of Police Officer | OHIO REV. CODE § 2921.331 |
| Three | Possession of drugs | OHIO REV. CODE § 2925.11 |
| Four | Possession of drugs | OHIO REV. CODE § 2925.11 |
| Five | Aggravated Vehicular Homicide | OHIO REV. CODE § 2903.06 |

2

| Six | Aggravated Vehicular Assault | OHIO REV. CODE § 2903.08 |
|---|---|---|
| Seven | A seventh offense is not included in the indictment | |
| Eight | Intimidation | OHIO REV. CODE § 2921.04 |

(Docket No. 6-1, pp. 2-3 of 283).

Petitioner retracted his plea of not guilty and entered pleas of guilty to involuntary manslaughter as charged in count one, failure to comply with order of police as charged in count two and aggravated vehicular assault as charged in count six. The trial court complied with OHIO CRIM. R. 11 (C) and explained Petitioner's constitutional rights. Satisfied that Petitioner was competent to make this decision and that he understood his rights, the court accepted Petitioner's plea and found Petitioner guilty of these counts. The trial court found Petitioner guilty of counts one, two and six. Counts three, five and seven were *nolle prosequi* (Docket No. 6-1, p. 5 of 283).

On July 15, 2002, the court imposed a prison term of ten years on count one, two years on count two and one year on count six, the counts to run consecutive to each other and consecutive to sentences imposed in CR 420197. Post control release was part of the sentence for the maximum period allowed under OHIO REV. CODE § 2967.28 (Docket No. 6-1, p. 7 of 283).

## C.    **Direct Appeal**.

Petitioner filed a notice of appeal and asserted five assignments of error:

(1)    Petitioner was denied due process when he was sentenced to a maximum sentence and consecutive sentences for other offenses to which he entered a plea of guilty.

(2)    Petitioner was denied due process of law when the court did not consider the statutory factors required in sentencing for failure to comply with an order or signal of a police officer.

(3)    Petitioner was denied his constitutional right against multiple punishments when the offense of involuntary manslaughter was not merged with the offense of failure to comply with an order or signal of a police officer.

(4)    Petitioner was denied due process of law when he was not sentenced before a fair tribunal.

3

(5)     Petitioner was denied ineffective assistance of counsel.

(Docket No. 6-1, p. 50 of 283).

On July 25, 2002, the court of appeals remanded the case to the trial court for resentencing with instructions to make three specific findings required under OHIO REV. CODE § 2929.14(E)(4) when imposing sentences for multiple terms (Docket No. 6-1, pp. 77-80 of 283).

On April 2, 2003, the appellate court found:

(1)     The trial court satisfied the mandates of OHIO REV. CODE § 2929.14(C) for imposing a maximum sentence.
(2)     Regardless of the trial court's failure to make the requisite findings required by OHIO REV. CODE § 2929.14(E)(4), the trial court did not err in imposing consecutive sentences for Petitioner's convictions for failure to comply with an order of a police officer and involuntary manslaughter.
(3)     With regard to the imposition of consecutive sentences for possession and trafficking, and consecutive sentences for aggravated vehicular assault, the trial court failed to provide any reasons on the record that consecutive sentences were not disproportionate to the severity of the conduct and the danger posed by Petitioner.
(4)     There was no merit in the Petitioner's claim that the sentencing judge was biased against him and unfairly influenced by non-statutory and prejudicial factors.
(5)     Petitioner was not denied the effective assistance of counsel on the basis that counsel failed to object to a different judge conducting the sentencing hearing.

The result was that Petitioner's conviction was affirmed in part, his first assignment of error was sustained in part and the case was remanded to the trial court for resentencing consistent with the court's findings (Docket No. 6-1, pp. 110-126 of 283).

**D.     Appeal to the Supreme Court of Ohio**

Petitioner filed a memorandum in support of jurisdiction on May 16, 2003 and asserted four propositions of law:

(1)     Petitioner was denied due process of law when the court failed to consider the statutory factors required in sentencing for failure to comply with an order or signal of a police officer.
(2)     Petitioner was subjected to unconstitutional multiple punishments when the court does not merge the offense of involuntary manslaughter with the underlying felony

4

for failure to comply with an order or signal of a police officer.

(3)     Petitioner was denied due process of law when he is not sentenced before a fair tribunal.

(4)     Petitioner was denied ineffective assistance of counsel where through errors and omissions Petitioner's substantial rights were prejudiced.

(Docket No. 6-1, p. 128 of 283).

Upon consideration of the jurisdictional memoranda, Chief Justice Thomas J. Moyer denied leave to appeal and dismissed the appeal as not having any substantial constitutional question (Docket No. 6-1, p. 191 of 283).

**E.     Post -Conviction Relief–Petition to Withdraw Guilty Plea.**

**1.     Case Number CR 420197.**

On October 15, 2003, the trial court denied Petitioner's motion to withdraw guilty plea and resentenced him to a term of one year on each of counts one and three, such counts to run consecutive to each other and consecutive to case CR 421541 (Docket No. 6-1, p. 192 of 283).

**2.     Case Number CR 421541**.

On October 15, 2003, Petitioner's motion to withdraw guilty plea was denied and he was resentenced to a term of ten years on count one, two years on count two and one year on count six, such counts to run consecutive to each other and consecutive to case CR 420197 (Docket No. 6-1, p. 193 of 283).

**3.     Consolidated Appeal**s to the Appellate Court.

Petitioner asserted five assignments of error in the appeal to the Eight Appellate District:

(1)     Petitioner was denied due process of law when the court overruled his motion to withdraw his plea.

(2)     Petitioner was denied due process of law when the court made factual determinations without seeing or hearing witnesses.

(3)     Petitioner was denied due process of law when the court failed to follow statutory guidelines in imposing a proportionate sentence.

(4)    Petitioner was denied due process of law when he received a maximum sentence based upon the court's erroneous declaration that Petitioner was a repeat violent offender.

(5)    Petitioner was denied due process of law when he was sentenced consecutively to offenses which should have been merged at sentencing.

(Docket No. 6-1, p. 220 of 283).

On September 13, 2004, the court of appeals overruled all of Petitioner's assignments of error and affirmed the order of resentencing (Docket No. 6-2, pp. 22-35 of 275).

### 4.    Consolidated Appeal to the Supreme Court of Ohio.

Petitioner filed a notice of appeal in the Supreme Court of Ohio on October 25, 2004 (Docket No. 6-2, pp. 1-2 of 275).  Five propositions of law were posed:

(1)    Petitioner was denied due process when the court overruled a motion to withdraw a plea prior to sentencing where the record demonstrated that there had been an improper investigation by counsel and Petitioner lacked an understanding of the nature of the offenses to which he was entering a plea of guilty.

(2)    Petitioner was denied due process of law when the court makes factual determinations without seeing or hearing witnesses.

(3)    Petitioner was denied due process of law when the court failed to follow the statutory requirements of imposing a proportionate sentence.

(4)    Petitioner was denied due process of law and his rights under the Sixth and Fourteenth Amendments when he was sentenced to a maximum sentence based upon factors neither alleged in the indictment nor admitted by Petitioner.

(5)    Petitioner was denied due process of law when he received multiple consecutive sentences which should have been merged at sentencing.

(Docket No. 6-2, p. 4 of 275).

On February 2, 2005, Chief Justice Moyer denied Petitioner leave to appeal and dismissed the appeal as not having any substantial constitutional question (Docket No. 6-2, p. 45 of 275).

### F.    Petition for Writ of Habeas Corpus in Case Number 1:05 CV 1141.

On May 6, 2005, Petitioner filed a petition for writ of habeas corpus relief under Section 2254 to vacate the negotiated guilty plea and the fifteen-year sentence he received after conviction

6

in the Cuyahoga County Common Pleas Court.  Petitioner presented four grounds for relief:

(1)     Petitioner was sentenced to an enhanced term of imprisonment when the maximum sentence was based on facts not alleged in the indictment nor admitted by Petitioner.

(2)     Petitioner was denied effective assistance of counsel.  Petitioner attempted to withdraw his pleas of guilty based upon ineffective assistance of counsel.  This was denied.  Petitioner's counsel at the time his plea was made had made an improper and inadequate investigation.  Moreover, Petitioner lacked an understanding of the nature of the offense to which he was entering a plea of guilty.

(3)     a.     Petitioner was sentenced by a judge who did not accept the plea.

         b.     The court made factual determinations without seeing or hearing any witnesses.

         c.     Petitioner's sentence was in accordance with law which required the court to impose a proportionate sentence for like and similar offenders.

(4)     Petitioner was sentenced to multiple consecutive sentences which should have been merged.  Thus, Petitioner was multiply sentenced for the same offenses.

On September 17, 2008, United States District Court Judge Patricia A. Gaughan accepted

Magistrate Judge James S. Gallas' report and recommendation that:

(1)     Petitioner's argument failed to establish a violation of the right to a trial by jury as set forth in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

(2)     The state decision denying Petitioner's Sixth Amendment claim on counsel's effectiveness was neither contrary to nor an unreasonable application of *Strickland v. Washington,* 104 S. Ct. 2052 (1984) or *Hill v. Lockhart*, 106 S. Ct. 366 (1985).

(3)     a.     This argument was never raised in any of the prior state appeals and review is barred.

         b.     Petitioner failed to establish cause for default or actual innocence; accordingly, federal habeas review of this ground is barred.

         c.     This is a matter of the Eighth Amendment and Petitioner did not present an Eighth Amendment argument.

(4)     The legislature has specifically authorized cumulative punishments under statutes which arguably proscribe the same conduct.  Consequently, the appellate decision approving the trial court's decision to order cumulative punishments was not contrary to or an unreasonable application of federal law according to the Supreme Court of the United States.

(Docket No. 6-2, pp. 180-199, 201-207 of 275).

Petitioner filed a motion for a new trial or to alter and amend the judgment.  The trial court

denied the motion pursuant to FED. R. CIV. P. 59(e) and declined to issue a certificate of

appealability (COA).  Petitioner appealed the motion for a new trial and the United State Court of

Appeals for the Sixth Circuit construed such appeal as an application for a COA pursuant to FED.

R. APP. P. 22(b) On October 6, 2009, the Sixth Circuit Court denied the application for COA

(Docket No. 6-2, pp. 208-212 of 275). On January 22, 2010, Petitioner's request for rehearing was

denied by the Sixth Circuit Court of Appeals (Docket No. 6-2, pp. 213 of 275).

**G.      Motion to Vacate Sentence.**

During the pendency of the habeas petition, on June 13, 2008, Petitioner moved to vacate

his sentences in the underlying trial court (Docket No. 6-2, pp. 46-48 of 275).  In the motion

Petitioner asserted one claim:

> His sentences were void because the trial court failed to impose a specific period of
> post-release control.

On August 11, 2008, the trial court denied the motion to vacate (Docket No. 6-2, p. 53 of

275).  Petitioner perfected an appeal and on September 19, 2008, he presented a sole assignment of

error:

> Petitioner was denied due process of law when the court overruled his motion to
> vacate sentence which did not include a period of post-release control and was thus
> void.

The court of appeals reversed the trial court's judgment and remanded the matter for

resentencing on July 6, 2009 (Docket No. 6-2, p. 110 of 275; *State of Ohio v. Banks*, 2010 WL

1611011, *2 (Ohio App. (2010)).

**H.      Re-sentencing**

**1.      Case No. 420197.**

On August 11, 2009, the court filed an order in which Petitioner was resentenced as follows:

(1)      One year on count one          Possession of drugs

8

(2)      One year on count three         Trafficking of drugs
(3)      Sentences on counts one and three to run consecutive to each other and consecutive
          to sentences imposed in CR 421541.

(Docket No. 6-2, pp. 65; 256-274 of 275).

**2.      Case No. 421541.**

On August 11, 2009, the court filed an order in which Petitioner was resentenced as follows:

(1)      Ten years on count one          Involuntary Manslaughter
(2)      Two years on count two          Failure to Comply with Order/Signal of Police
(3)      One year on count six                     Aggravated Vehicular Assault
(4)      Counts to run consecutive to each other and consecutive to CR 420197.

(Docket No. 6-2, pp. 66; 256-274 of 275).

**3.      Direct Appeal of the Resentencing orders**.

The following assignments of error were presented:

(1)      Petitioner was denied due process of law when he was convicted [and] sentenced for
          involuntary manslaughter based on an indictment which failed to allege a culpable
          mental state.
(2)      Petitioner was denied due process of law and subjected to unconstitutional multiple
          punishments when the court failed to merge the involuntary manslaughter with the
          underlying felony.
(3)      Petitioner was denied due process of and subjected to unconstitutional multiple
          punishments when the court failed to merge sentences in Case No. CR 420197.
(4)      Petitioner was denied due process of law when the court imposed a sentence for
          failure to comply without considering the statutory criteria.
(5)      Petitioner was denied due process of law when the court sentenced him to
          consecutive sentences without considering the purposes and principles of sentencing.
(6)      Petitioner was denied due process of law when the court proceeded to sentence him
          based on facts not alleged in the indictment nor admitted at the time of the plea.

(Docket No. 6-2, p. 68 of 275).

**4.      Appellate decision.**

The Eighth Appellate District Court of Appeals released a decision on April 22, 2010,

affirming, in part, reversing in part and remanding the case to the trial court unless a motion for

9

reconsideration with supporting brief or a motion for consideration *en banc* with supporting brief

was filed within ten days.  The Court made the findings that follow:

(1)  Petitioner did not waive any argument regarding allied offenses by pleading guilty.

(2)  The trial court erred in not merging allied offenses of involuntary manslaughter and failure to comply with an order of the police.  The matter was remanded to the trial court for resentencing in this regard.

(3)  Petitioner's offenses were committed with one animus–selling the drug.  Therefore, Petitioner could not be convicted of both offenses.  This matter was remanded to the trial court to vacate Petitioner's sentence for drug possession and drug trafficking and for the prosecution to elect which allied offense it will pursue in this regard at the resentencing hearing.

(4)  In light of these findings, Petitioner's fourth, fifth and sixth assignments of error were moot.

(Docket No. 6-2, pp. 109-113 of 275).

**5.  Motion for Reconsideration**

On May 3, 2010, the prosecutor filed an application for reconsideration (Docket No. 6-2, pp.

114-121 of 275).

On July 9, 2010, the court of appeals entered a journal entry and opinion:

(1)  Because Petitioner pleaded guilty to the involuntary manslaughter count, he waived the right to challenge any alleged deprivation of constitutional rights that occurred prior to the entry of a guilty plea.

(2)  Having twice rejected Petitioner's arguments that involuntary manslaughter and failure to comply were allied offenses of similar import, that conclusion was the law of the case that Petitioner could no longer challenge.

(3)  In three prior appeals, Petitioner did not raise any allied offenses issues relating to drug trafficking and drug possession counts.  Those issues could have and should have been raised in the first appeal so res judicata barred the assertion of those issues in any subsequent appeal.

(4)  There was no requirement, statutory or otherwise, for the court to state specific factors under OHIO REV. CODE § 2921.331(C)(5)(6) in the record or make any specific findings in relation thereto.

(5)  The recitation of the required factors put the court in full compliance with its obligation to consider the purposes and factors guiding sentencing discretion.

(6)  The case was remanded to the trial court to execute the sentence.

(Docket No. 6-2, pp. 122-126 of 275).

**6.**      **Appeal to the Supreme Court of Ohio**.

Petitioner perfected an appeal in the Ohio Supreme Court.  In the memorandum in support of jurisdiction, there were six propositions of law:

(1)      Petitioner had been denied due process of law when he was convicted and sentenced for involuntary manslaughter where the indictment failed to allege a culpable mental intent.

(2)      Petitioner had been denied due process of law and subject to unconstitutional multiple punishments where a court fails to merge a conviction for involuntary manslaughter with the underlying felony.

(3)      Petitioner was denied due process of law and subjected to unconstitutional multiple punishment where the court fails to merge convictions for trafficking in drugs and possession of the same drugs.

(4)      Petitioner was denied duce process of law when a court imposing a sentence for failure to comply without considering the requisite statutory criteria.

(5)      Petitioner was denied due process of law when a court sentenced him to consecutive sentences without considering the purposes and principles of sentencing.

(6)      Petitioner was denied due process of law when a court sentenced him based on facts not alleged in the indictment or admitted at the time of the plea.

(Docket No. 6-2, p. 128 of 275).

On December 1, 2010, Chief Justice Eric Brown denied Petitioner leave to appeal and dismissed the appeal as not having any substantial constitutional question (Docket No. 6-2, p. 179 of 275).

# I.    PETITION FOR WRIT OF HABEAS CORPUS

In May 2011, Petitioner filed the Petition for Writ of Habeas Corpus in this case (Docket No. 1).  Respondent filed Return and Petitioner filed a Traverse to Return to Writ (Docket Nos. 6 & 7).

### III.  JURISDICTIONAL PREREQUISITE TO HABEAS REVIEW.

A district court shall only direct a writ of habeas corpus of a person in custody pursuant to a judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of the United State. *Watson v. Ohio,* 2010 WL 2730929, *2 (N. D. Ohio 2010) (*citing* 28 U.S.C. §

11

2243; *see Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. at 1129. For prisoners, the warden of the facility in which they are held is the proper custodian. *Id.* (*see Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

Petitioner is incarcerated at the Grafton Correctional Institution in Grafton, Ohio.  He is in custody within the meaning of 28 U. S. C. § 2254.

In the capacity of warden, Respondent is Petitioner's custodian.  Respondent accepted service of process and filed an answer in his official capacity.  This Court has personal jurisdiction over Respondent.

Petitioner alleges that the terms of his incarceration invoke violations of the Fifth and Fourteenth Amendments of the United States Constitution.

Since Petitioner is in custody pursuant to state law, the Court has jurisdiction over the person who holds Petitioner in what he contends is unlawful custody and Petitioner has alleged violations of the United States Constitution, this Court has jurisdiction to issue a writ of habeas corpus.

#### IV. STANDARD OF REVIEW FOR HABEAS RELIEF.

A federal courts may not grant habeas relief on any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that:  (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to

12

the state courts. *Goodell v. Williams,* 643 F.3d 490, 495 (6th Cir. 2011) (*citing* 28 U.S.C. § 2254(d)).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)).

Under the "unreasonable application" clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. *Id.* Yet, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 120 S. Ct. at 1522). Rather, to warrant habeas relief, the state court's application must be found to be "objectively unreasonable." *Id.* (*citing Williams*, 120 S. Ct. at 1521). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings.' " *Id.* at 495-496 (*citing Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (*quoting Lindh v. Murphy*, 117 S. Ct. 2059, 2067 (1997)).

In determining whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may look only to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Id.* (*citing Lockyer v. Andrade,* 123 S. Ct. 1166, 1172 (2003); *Williams, supra*, 120 S. Ct. at 1523). The "clearly established federal law" is "the governing legal principle or principles set forth by the Supreme Court." *Id.* (*citing Lockyer*, 123 S. Ct. at 1172). "[T]he 'lack of an explicit statement' of a particular rule by the Supreme Court 'is not determinative' of clearly established law, since 'the Court has made clear that its relevant precedents include not only bright-line rules but also

13

the legal principles and standards flowing from precedent.' "  *Id.* (*citing Ruimveld v. Birkett*, 404

F.3d 1006, 1010 (6th Cir. 2005) (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002) *cert.*

*denied,* 123 S. Ct. 490 (2002)).

### IV. ANALYSIS OF PETITIONER'S WRIT OF HABEAS CORPUS.

In this habeas petition, Petitioner challenges the imposition of the new judgment relating to

the imposition of new sentences.  He seeks habeas relief on five grounds.

### A. GROUND ONE.

Petitioner was convicted of the offense of involuntary manslaughter where the indictment

failed to allege a culpable mental state.  Therefore, Petitioner claims that no crime was alleged and

the conviction and sentence violated due process of law.

Respondent argues that review of ground one is waived by Petitioner's plea of guilty.  It is

Respondent's contention that the Court should decline to accept this issue for habeas review.

By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings.

*Phillips v. Warden, Ohio Reformatory for Women*, 2011 WL 5389247, *4 (S. D. Ohio 2011)(*citing*

*United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991)).  A "guilty plea represents a break in the

chain of events which has preceded it in the criminal process."  *Id.* (*citing Tollett v. Henderson,* 93

S. Ct. 1602, 1608 (1973)).  Therefore, "[w]hen a criminal defendant has solemnly admitted in open

court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter

raise independent claims relating to the deprivation of constitutional right that occurred prior to the

entry of the guilty plea."  *Id.* (*citing Tollett,* 93 S. Ct. at 1608) (*see also McMann v. Richardson*, 90

S. Ct. 1441, 1447-1448 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318–19 (6th Cir. 1985)).

Rather, [s]he may only seek to attack the validity of his or her guilty plea by showing that under the

circumstances, his or her guilty plea was not intelligently and voluntarily entered.  *Id.* (*citing Tollett,*

*see also Campbell*, 769 F.2d at 315).  The guilty plea extinguishes a defendant's right to collaterally attack independent claims of constitutional violations that are not related to whether the petitioner was deprived of the ability to decide intelligently and voluntarily to plead guilty.  *Madrigal v. Welch*, 2011 WL 834136, *9 (N. D. Ohio 2011).

In this case, Petitioner's attack on the indictment's failure to reference a culpable mental state does not relate to a shortcoming in the plea agreement that cast doubt on whether the pleas were voluntarily and intelligently made.  Nevertheless, any defects in the indictment were cured by Petitioner's plea of guilty.  Habeas relief is not available to Petitioner on this claim.

**B.    GROUND TWO.**

Petitioner suggests that he was subjected to unconstitutional multiple punishments where the court did not administer a cumulative sentence for offenses of involuntary manslaughter and failure to comply with an order of the police.

Respondent argues that since Petitioner has already unsuccessfully petitioned the district court for habeas relief on ground two, such claim is barred from habeas review.

The procedural rule of *res judicata* dictates a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.  *Gatchell v. Gansheimer*, 2010 WL 3515999, *3 (N. D. Ohio 2010) (*citing Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Incorporated*, 918 F.2d 658, 660 (6th Cir. 1990)).  It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  *Id.* (emphasis added).  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  *Id.* (*citing Westwood Chemical Company v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)).  A subsequent action will be subject to a *res judicata*

bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  *Id.*

Having obtained a new and intervening judgment of resentencing after the first numerical habeas petition, the Petition in this case is based on a separate judgment.  However, ground two of this case did not originate from the separate resentencing judgment.  Ground two was originally presented as ground four in the first numerical habeas petition.  The Court conducted a review on the merits of ground four and made an adverse determination.  Because the same issue with no change in status was actually litigated in the same tribunal and directly determined on its merits, the order in the original habeas corpus denying habeas relief on this ground is *res judicata*.

Petitioner has not demonstrated why denial of the first numerical writ was not fair.  Neither has Petitioner alleged that there has been an intervening change in law nor that denial of ground four in the previous petition constitutes plain error.  In fact, Petitioner provides no reason why the ends of justice require this Court to redetermine the merits of ground four in the first numerical writ.

The Magistrate concludes that Petitioner is barred from obtaining relief on a claim filed in a successive petition which includes the same issue that was previously decided by the court in the first habeas petition.  The Magistrate recommends that the Court deny review of ground two.

**C.    GROUND THREE.**

Petitioner claims that on resentencing he was subjected to unconstitutional multiple punishments when the court failed to merge a conviction for trafficking in drugs and possession of the same drugs.

Respondent argues that *res judicata* bars the assertion that the trial court erred in merging the convictions for drug trafficking and drug possession in any subsequent post-sentence motion because this issue was raised or alternately should have been raised in the previous habeas case.

16

According to Respondent, this claim lacks merit.

Reiterating that the doctrine of *res judicata* bars relitigation of every issue or defense that was raised or could have been raised in the previous action, Petitioner is barred from using habeas corpus to obtain review of a claim that he raised or alternately, could have raised in his first petition for habeas relief.  The defense of *res judicata* has been waived by Petitioner's failure to plead his third claim in three prior direct appeals.  The Magistrate recommends that the Court deny Petitioner's request for relief in the third claim.

**D.    GROUND FOUR.**

Petitioner contends that he was denied due process of law when the court failed to follow the law for imposing a maximum sentence for the offense of failure to comply with an order of the police officer.  The trial court failed to follow the statutory criteria in order to fully impose a maximum sentence.

Respondent concurs that this claim was properly presented to the state courts.  Respondent also contends that this argument is waived in habeas because Petitioner plead guilty and Petitioner is not claiming in habeas that his plea was not knowing and voluntary as a result of the court's failure to consider the statutory criteria.

The Sixth Circuit has held that federal habeas review of a state trial court ruling based upon state evidentiary law is "extremely limited."  *Priest v. Hudson*, 655 F.Supp.2d 808, 827-828 (N. D. Ohio 2009) (*citing Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006)).  Errors in regard to the application of state law are usually not cognizable in federal habeas corpus.  *Id.* at 828 (*citing Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (emphasis added)).  If the error is so egregious as to the amount to a denial of fundamental fairness or of other federal rights, the federal court may grant the habeas petition. *Ashbrook v. Hall*, 2011 WL 1743507, *8 (N. D. Ohio 2011) (*citing Pulley*

*v. Harris*, 104 S. Ct. 871, 875 (1984)).

A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Ragland v. Jackson*, 2010 WL 419426, *2 (S. D. Ohio 2010) (*citing Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Federal habeas courts must defer to a state court's interpretation of its own rules of evidence and procedure when considering a habeas petition. *Id*. at *2 (*citing Allen*, 845 F. 2d at 614) (*quoting Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Id*. (*citing Cooper v. Sawders*, 837 F.2d 284, 286 (6th Cir. 1988)).

This Court may only review a state prisoner's habeas petition on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. Petitioner is challenging a perceived error characterized by reliance on a state statute without articulating constitutional injury. Additionally, Petitioner has waived any such constitutional claim because he failed to present this due process claim in the state courts as a federal issue (Docket No. 61, pp. 56-60; 135-138 of 283). To the extent that the trial court may have erred in applying and/or interpreting state law, habeas relief does not lie in claims against the state for misapplication of its own sentencing laws.

Clearly ground four is not cognizable in this habeas case; accordingly, the Magistrate recommends that the Court deny the relief requested.

## E.  GROUND FIVE.

Petitioner argues that he was denied due process when he was sentenced based on facts found by the judge which were not alleged in the indictment or admitted at the time of his plea.

Respondent argues that this claim, too, is waived in habeas where Petitioner pleads guilty

18

and he is not claiming in habeas that his plea was made unknowingly or involuntarily.

It is undisputed that convicted defendants have a due process right to a fair sentencing procedure. *Austin v. Jackson*, 213 F. 3d 298, 300 (6th Cir. 2000) (*citing United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990)). To the extent that a petitioner's request for fair sentencing is based upon an alleged violation of state law, a petitioner fails to state a claim upon which relief may be granted. *Id.*

In the instant case, there are three reasons to deny habeas relief in ground five. First, Petitioner's claim is inaccurate. The facts referred to in the sentencing hearing were derived from Petitioner's admissions made to Judge Janet R. Burnside when she took his plea (Docket No. 6-1, pp. 10-33, 210-211, of 283). Judge Daniel Gaul sentenced Petitioner consistent with these admissions (Docket No. 6-1, pp. 211-217 of 283). Petitioner does not suggest that the admissions were made involuntarily or unintelligently.

Second, this Court must defer to the state court's interpretation of its own sentencing laws unless that interpretation contravenes clearly established federal law. Petitioner has failed to show an error in applying Ohio's sentencing law that is of a federal constitutional dimension.

Third, habeas relief could be granted if the trial court's consideration of Petitioner's admissions resulted in the denial of fundamental fairness; however, Petitioner has failed to persuade the Magistrate that there has been an intervening change in law that would affect the court's consideration or that consideration of his admissions in the trial court's judgment of sentencing impugned fundamental fairness.

The Magistrate recommends that the court deny the relief requested in ground five.

### V. CONCLUSION.

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of

Habeas Corpus and terminate the referral to the undersigned Magistrate.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:   April 11, 2012


## VI. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.

21