**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Carlton Banks, Jr.,** | ) | **CASE NO. 1:11 CV 1089** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Frank Shewalter, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Armstrong (Doc. 8) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

### Facts

Petitioner Carlton Banks, Jr. previously filed a habeas petition (Case No. 1:05 CV 1141) following sentencing in the state court after he entered guilty pleas in two cases. This Court denied the petition, declined to issue a certificate of appealability, and denied a motion

1

to alter the judgment. The United States Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability, and denied a petition for re-hearing. While the habeas petition was pending, petitioner was re-sentenced[1] in the state court. This second habeas petition relates to the imposition of the new sentence. The petition raises five grounds for relief.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Ground One asserts that petitioner "was convicted for an offense of involuntary manslaughter where the indictment failed to allege a culpable mental states [sic]. Therefore no crime was alleged and the conviction and sentence violated due process of law." The Magistrate Judge concluded that habeas relief was not available on this claim given that any defects in the indictment had been cured by petitioner's plea of guilty. Petitioner objects by citing to Ohio law which holds that a mental state is necessary in order to charge an offense and such a defect in an indictment is not subject to waiver. As recognized by the Magistrate

---

[1] Petitioner was actually re-resentenced. Prior to the first petition, he was sentenced to 15 years. The court of appeals remanded for re-sentencing so that the trial court would provide the reasons that consecutive sentences were not disproportionate to the severity of conduct and the danger posed. He was again sentenced to 15 years. Petitioner was sentenced a third time in 2009 to the same term of imprisonment after the court of appeals remanded due to the trial court's failure to order a specific period of post-release control.

Judge, however, "A guilty plea extinguishes a defendant's right to collaterally attack independent claims of constitutional violations that are not related to whether the petitioner was deprived of the ability to decide intelligently and voluntarily to plead guilty." *Madrigal v. Welch,* 2011 WL 834136 (N.D.Ohio Jan. 31, 2011) (citing *Tollett v. Henderson,* 411 U.S. 258 (1973) ) As petitioner does not challenge whether the plea was intelligently and voluntarily made, habeas relief is not available on this ground.

Ground Two asserts that petitioner "was subject to unconstitutional multiple punishments where the court separately sentenced [him] for involuntary manslaughter together with a consecutive sentence for the underlying felony." The Magistrate Judge concluded that assertion of this claim was barred by *res judicata* given that this claim was originally presented as count four in the previous petition and adjudicated on the merits. Petitioner objects on the basis that he is challenging his new sentence and not his previous sentence. The Magistrate Judge, however, recognized that although the instant petition is based on the new judgment of re-sentencing, this ground did not originate from that second judgment but was presented in the first petition.

Ground Three asserts that petitioner "was subjected to unconstitutional multiple punishment when the court failed to merge a conviction for trafficking in drugs and possession of the same drugs." The Magistrate Judge determined that this claim is barred. Again, this Court agrees as the state court of appeals found this claim to be precluded by *res judicata* given that petitioner did not raise it in his three prior appeals. *State v. Burks,* 2010 WL 8546024 (Ohio App. 8th Dist. July 8, 2010).

Ground Four asserts that petitioner was denied due process when the trial court "in

3

imposing a sentence for failure to comply, failed to consider the statutory criteria in order to impose a maximum sentence." The Magistrate Judge determined that this claim is not cognizable upon habeas review given that it involves state law or procedure and was not presented in the state courts as a federal issue involving a constitutional injury. While petitioner objects on the basis that it would be a violation of due process for failure to follow the statutory law in imposing a sentence, the claim was not presented as a violation of due process to the state courts. *See State v. Burks,* 2010 WL 8546024 (Ohio App. 8th Dist. July 8, 2010).

Ground Five asserts that petitioner was denied due process when he "was sentenced by the court based on facts found by the trial judge which were not alleged in the indictment nor admitted at the time of petitioner's plea." The Magistrate Judge rejected this claim on three bases. First, she stated that review of the record showed that the facts referred to in the sentencing hearing were derived from petitioner's admissions made to the judge who took his plea and he was then sentenced (by a different judge) consistent with these admissions which petitioner does not suggest were made involuntarily or unintelligently. Second, deference is required to the state court's interpretation of its own sentencing laws unless that interpretation contravenes clearly established federal law which petitioner has not demonstrated. Third, petitioner failed to show a denial of fundamental fairness. Petitioner objects that he "only entered pleas of guilty" and "no additional facts were admitted." However, petitioner stated to the trial court that he understood the charges and he does not now assert that his plea was not knowing and voluntary. Petitioner also objects on the basis that he has asserted a contravention of clearly established law, i.e., the Sixth Amendment, which prohibits a court

4

from basing a sentence on facts not found by a jury or admitted by a defendant at the time of his plea. But, petitioner admitted his guilt to the offenses and the state appellate court found the 2009 re-sentencing to be in accord with established Ohio law. Petitioner has not demonstrated that it was contrary to federal constitutional law.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/10/12